Rosalind B. MARIMONT et al., Plaintiffs,

v.

F. David MATHEWS et al., Defendants.

Civ. A. No. 1992–73.

United States District Court, District of Columbia.

Oct. 29, 1976.

Lawrence Speiser, Washington, D.C., for plaintiffs.

Earl J. Silbert, U.S. Atty., and Arnold T. Aikens, and Peter R. Reilly, Asst. U.S. Attys., Washington, D.C., for defendants.

## MEMORANDUM AND ORDER

SIRICA, District Judge.

This is a sexual discrimination suit against the federal government under 42 U.S.C. § 2000e–16 (1970), *as amended,* (Supp. V, 1975). The plaintiffs are Rosalind Marimont—a woman and a mathematician at the National Institutes of Health ("NIH")—and the Association of Women in Science, Federally Employed Women, Inc., National Organization for Women, Self Help for Equal Rights (Committee of NIH Organization of Women), and Women's Equity Action League—all women's rights organizations. A number of issues raised by the parties were put off pending the Su-

preme Court's decisions in *Brown v. General Services Administration,* 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976), and *Chandler v. Roudebush,* 425 U.S. 840, 96 S.Ct. 1949, 48 L.Ed.2d 416 (1976). Some of these issues have been made moot by those decisions. Others still remain, however, and these may be decided at this time.

▮ First, the government has argued that the plaintiff Marimont has failed to exhaust her administrative remedies in that she failed to ask at the administrative level:

(1) for relief for an entire class;

(2) for an order providing for back pay and damages and for disciplinary action against certain persons within NIH; and

(3) for an order instituting an affirmative action plan at NIH.

Marimont has asked for all this relief in this Court.

The Court finds from its own review of the record, however, that Marimont did adequately put the agency on notice that she was requesting all the relief she is asking for in this suit. Therefore, remand to the agency on these questions would not be appropriate.

▮ The government has also argued that the organizational plaintiffs have failed to exhaust their administrative remedies altogether. These plaintiffs respond that they do not have to exhaust their remedies, so long as they assert the same or some of the same claims as someone who has.

In this Court's view, the Supreme Court's recent decision in *Brown v. GSA,* 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976), points strongly toward refusing to let the organizational plaintiffs join in this case. There, the Supreme Court held that a federal employee complaining of job discrimination by the government must comply with the administrative exhaustion requirements and time limitations of 42 U.S.C. § 2000e–16 before seeking relief in federal court—that he could not sidestep these requirements simply by filing suit under other, less demanding federal statutes. One of

the principal reasons that the Supreme Court gave for this holding was that otherwise:

. . . by perverse operation of a type of Gresham's Law, [§ 2000e–16], with its rigorous administrative exhaustion requirements and time limitations, would be driven out of currency . . . . The crucial administrative role that each agency together with the Civil Service Commission was given by Congress in the eradication of employment discrimination would be eliminated "by the simple expedient of putting a different label on the pleadings." . . . It would require the suspension of disbelief to ascribe to Congress the design to allow its careful and thorough remedial scheme to be circumvented by artful pleading. [96 S.Ct. at 1968]

The organizational plaintiffs are asking for a similar suspension of disbelief here. For what they are asking this Court to do is to recognize that they can, as a matter of right, sidestep the requirements imposed in § 2000e–16 simply by joining their claims in federal court to the claim of a person who has made similar allegations and who has in fact fulfilled those statutory requirements. If the Court allowed this, then it would have little power to insure that the policies behind these requirements were adequately protected. The Court cannot ascribe such an intent to Congress and, therefore, holds that the organizational plaintiffs may not join in this suit.

The final question to be decided is whether the plaintiff should be allowed to represent a class of persons under Rule 23(b)(2) of the Federal Rules of Civil Procedure. The class she seeks to represent consists of "all women who are employed, or might be employed, by the National Institutes of Health who have been and continue to be or might be adversely affected by the practices and policies complained of."

█ Class actions stand in a somewhat different light from joined actions, for Rule 23 gives the courts wide discretion to mold and limit the class so as to insure that the governmental interests reflected in the administrative exhaustion requirements and in the time limitations are adequately protected. In fact, it is clear in this circuit at least that class actions are permissible in Title VII suits by federal employees or applicants for employment. *Hackley v. Roudebush*, 171 U.S.App.D.C. 376, 520 F.2d 108, 151–52 n. 177 (1975).

█ Probably because this is so clear, the government has not argued that the plaintiff Marimont cannot represent a class. But it has raised the question whether under *Brown, supra*, the class itself must be limited to persons who have themselves fulfilled the prerequisites of 42 U.S.C. § 2000e–16. Because the Court finds that the plaintiff Marimont should not be allowed to represent a class in any event, however, it need not decide this question.

It is important to note that to the extent that the plaintiff is victorious in this suit on grounds which are applicable to a class generally, this action, even if brought on an individual basis, will be of substantial benefit to that class. See *Potts v. Flax*, 313 F.2d 284 (5th Cir. 1963). Unless Marimont's claims very closely represent the interests of a particular class as a whole, then, there is no great benefit to certifying this case as a class action and facing any additional problems that this might bring. Marimont, it is true, plans to rely to some extent on statistical data to prove a continuing practice of discrimination against women in general and therefore against her in particular. But it is also true that she intends to rely to a very substantial degree on the individual circumstances of her case. The Court finds that the plaintiff has not shown a sufficient similarity of interest between her claims and those of the members of a class to warrant certification of this case as a class action.

Accordingly, it is this 29th day of October, 1976,

ORDERED that the defendants' motions for dismissal and for summary judgment against the plaintiff Marimont be, and the same here are, denied; it is

FURTHER ORDERED that the defendants' motion for dismissal against the other plaintiffs be, and the same hereby is, granted; and it is

FURTHER ORDERED that the plaintiff Marimont's motion for certification of this action as a class action be, and the same hereby is, denied.